NO. 8275

COURT OF APPEAL

PARISH OF ORLEANS

————————

WILLIAM MAYER

VS.

DIXIE SECURITIES

COMPANY ET ALS.

**8275**

————————

Court of Appeal

PARISH OF ORLEANS

FILED MAY 22/22

8275

532

Dinkelspiel; J.

This litigation substantially consists of the follow-ing facts.

Plaintiff alleges that he is the owner of a certain automobile, describing it as "Model T. 41, No. 21259 (or21269) Haynes Light 12, 7 passenger", and that on the 2nd day of Oc-tober, 1918, petitioner left said automobile with the Estop-inal Auto Exchange and Sales Rooms, located at 1515 Canal Street, in this city, and received from said Company, a re-ceipt to the following effect.

"New Orleans, 10/12/18/
One used seven passenger Haynes 12, Automobile. Engine No._____as is. Price $2200.00, we to have the sale of this car for the/amount of Mr. Mayer to net him $2200.00 and have no charge for demonstrations and storage.

(Signed) Estopinal Auto Exchange & Sales
Rooms

per S. J. Estopinal"

Alleging further that whilst said automobile was in the care of said Company, by an act passed before M. S. Dreyfous, N. P. on September 27th, 1920, the Estop-inal Auto Exchange mortgaged said automobile together with others, to the defendant company, which said mort—gage was recorded in M. O. B. 1247, folio 343. And sub-sequently, after said mortgage was recorded and said automo-bile was inventoried as the property of the said Estopinal Company, and whilst the said automobile was in the custody of the said company, the defendant company, The Dixie Se-curities Company executed its mortgage and caused said au-tomobile to be advertised by the Civil Sheriff of this Par-ish for sale, at public auction, on March 21st, 1921 at the hour of ten o'clock A. M.

Alleging further that the Estopinal Company was without right, title or interest in said automobile and was acting as caretaker of same when it received said au-

533

tomobile from plaintiff, and it was without authority from plaintiff to mortgage same to said defendant corporation. Therefore, said mortgage is null, void and of no effect.

Alleging that the sale of said automobile by the Sheriff will cause plaintiff financial injury by depriving him of his said property and that he has no adequate remedy to prevent said sale except by injunction and the prayer finally is substantially that plaintiff upon furnishing requisite bond as fixed by law, his affidavit being considered, that a writ of injunction be issued temporarily restraining the Civil Sheriff of this Parish, the defendant Corporation, the Dixie Securities Company and Edward B. Ellis, Receiver for the Estopinal Company, from selling or otherwise disposing of said automobile described in his petition and that all parties be duly cited to appear and after proceedings had that there be judgment in his favor decreeing him to be the owner of said automobile and as such entitled to the possession thereof.

This petition was sworn to and a temporary injunction as prayed for was allowed, upon plaintiff furnishing bond in the sum of Two Hundred and Fifty Dollars, conditioned as the law directs.

The bond being furnished the Sheriff and the other parties, under orders of the Court, were restrained and prohibited from proceeding in this matter until further orders of the Court.

To this petition there was first filed an exception of improper joinder of parties and also an exception of no right or cause of action.

Subsequently an answer was filed on behalf of defendant Company, which denied all and singular the allegations contained in plaintiff's petition, and alleged substantially, admitting that whilst the automobile described in plaintiff's petition was in the care of the Estopinal Motor Company, that by act before M. S. Dreyfous, N. P. of date September 27th, 1920, the automobile in question was mortgaged, together with others, to the

534

defendant Company for the sum of $2950.00, and the mortgage was properly recorded in the mortgage office. Finally the answer states that plaintiff is or should be estopped to urge the ownership of the automobile sued upon for the reason, that in the event that all of the allegations contained in plaintiff's petition were true, which defendant denies, then in that event plaintiff permitted his property to remain, in the care and custody of the Estopinal Motor Company, a licensed dealer dealer in automobiles; that he made no declaration of ownership, or caused no such declaration to be put of record in the mortgage office, but that he waited until said property was removed from the premises of the Estopinal Motor Company and permitted the ownership of this said property to remain vested in the Estopinal Motor Company, and upon the representation made by the President of the Estopinal Motor Company, that same was the property of the company, and on the faith of these representations and acquiesced in by silence and conduct of the plaintiff, defendant believed that said property belonged to the Estopinal Motor Company and in this belief, and as an innocent third person, advanced money to the Estopinal Motor Company, who mortgaged said property to the defendant as heretofore stated. Admitting that the said corporation went into the hands of a receiver and that by reason of said wrongful conduct on the part of the plaintiff, defendant was lead and induced to part with its money, and therefore plaintiff should be forever estopped from urging the ownership of said automobile to the prejudice of and detriment to defendant. Defendant prays that the demand of plaintiff be rejected with costs.

This answer was sworn to by the attorney for the Receiver.

This issue was tried and without entering into the testimony of either party to this litigation, it is evident that plaintiff has fully established his case in accordance

with the allegations of his petition. · He was the owner of the automobile which was stored in the Estopinal Motor Company·and was to be sold by the company at a price agreed upon by both parties and as per receipt annexed and exhibited in this transcript. It is proven to our satisfaction that the Estopinal Company mortgaged this property to the defendant company, and were on the eve of selling same but for the injunction proceedings now in controversy.

The Judge of the Court aquo heard the testimony in this case, and decided finally, after refusing a rule for a new trial, in favor of the defendant company, dissolving the injunction and from this judgment there is this appeal, and as stated, the question of fact being virtually admitted, so far as the mortgage ·is concerned and the ownership of the automobile being proven to be in plaintiff the other matters left for our determination are matters of law alone.

The Civil Code, Art. 2452.

The sale of a thing belonging to another person is null; it may give rise to damages when the buyer knew not that the thing belonged to another person.

A fraudulent sale of personal property, although followed by possession gives no right of property to the purchaser.

Weld vs. Donlin 13 La. 461.

In the case of Lellande vs. His Creditors, 42nd Ann. 710, the Court amongst other things says:

The doctrine that a factor cannot pledge the property of another is maintained so strictly that it is admitted he can not do it by endorsement and delivery of the bill of lading any more than by deliver of the goods themselves. To pledge the goods of the principal is beyond the scope of the factor's power; and every attempt to do it under the color of a sale is tortious and void.

Citing 2 Kent, p. 626.

536

On the question of law the doctrine is well settled that the factor cannot pledge for his own debts property consigned to him, nor can he give it in payment of his own debts.

Citing Bonnot vs. Fuentes, 10 Ann. p. 70.

Youngyagainst Scott 25 Ann. 313.

On the same subject matter, in the case of Holten and Winn vs. Hubbard & Company et als, 49 Ann. p. 715, the doctrine in the Lellande vs. His Creditors 42nd Ann. 705, was reiterated and affirmed and application for rehearing in that case the Court at page 739 says "From an early period our courts have enforced the principle that the factor could not for his own debts pledge the property of his principal, and that such pledge was no impediment to a recovery by the owner.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is hereby reversed, set aside and annulled.

It is further ordered, adjudged and decreed that the Civil Sheriff for the Parish of Orleans; the Dixie Securities Corporation and Edward B. Ellis, Receiver of the Estopinal Auto Exchange, or their agents, be enjoined from selling or otherwise disposing of said automobile herein described and that the injunction applied for be maintained and perpetuated.

It is further ordered, adjudged and decreed that plaintiff, William Mayer, is decreed to be the owner of said automobile, and that there be judgment in his favor decreeing him to be such owner. The costs of both Courts are to be taxed against the defendants, Edward B. Ellis, Receiver of the Estopinal Motor Company, and the Dixie Securities Company.

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx.